Jeffry A. Davis (SBN 103299)
Joseph R. Dunn (SBN 238069)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858 314-1500
Fax: 858 314-1501

Proposed Attorneys for Plaintiff
Briarwood Capital, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRIARWOOD CAPITAL, LLC, a Delaware limited liability company,<br><br>Debtor. | Case No. 10-02677-PB11<br><br>Adv. Proc. No. ________________<br><br>**COMPLAINT FOR TURNOVER OF PROPERTY [11 U.S.C. § 542] AND BREACH OF CONTRACT** |
| BRIARWOOD CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HCC INVESTORS, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. On or about February 23, 2010, Briarwood Capital, LLC ("Briarwood") filed a voluntary petition under chapter 11 of title 11 of the United States Code in this Court.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(E) and (O).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. Plaintiff, Briarwood Capital, LLC ("Briarwood"), is a Delaware limited liability company and is the debtor and debtor in possession in the underlying chapter 11 case no. 10-02677-PB11. The sole member of Briarwood is Nicolas Marsch III ("Marsch").

6. Defendant HCC Investors, LLC ("HCC") is Delaware limited liability company with its principal place of business in California. HCC was formed for the purpose of holding title to, and further developing as a residential community, a 540-acre parcel of land located in Rancho Santa Fe, California, now commonly known as "The Bridges."

## SUMMARY OF FACTS

7. On or about June 17, 1997, Marsch and Lennar San Jose Holdings, Inc. ("Lennar San Jose"), an affiliate of the publicly-traded homebuilder, Lennar Corporation, entered into an Amended and Restated Formation Agreement, whereby the two parties agreed to work towards formation of a limited liability company, to acquire, hold title to, and further develop a residential community in Rancho Santa Fe, California. Attached hereto as **Exhibit 1** is a true and correct copy of the Amended and Restated Formation Agreement.

8. On or about August 27, 1997, Marsch and Lennar San Jose formed defendant HCC, and entered into a Limited Liability Company Agreement that serves as the operating agreement for HCC. HCC was formed for the purpose of holding title to, and further developing, a 540-acre parcel located in Rancho Santa Fe, San Diego County, California, now commonly known as "The Bridges." Attached hereto as **Exhibit 2** is a true and correct copy of the Limited Liability Company Agreement of HCC Investors, L.L.C.

9. At the time of HCC's formation, Marsch and Lennar San Jose were the sole members of HCC, and each held separate 50% interests in HCC. The Lennar San Jose interest in HCC has since been repeatedly assigned to various other entities affiliated with Lennar.

10. On or about January 1, 1998, Marsch and Lennar San Jose entered into a First Amendment to Operating Agreement of HCC Investors, L.L.C., a true and correct copy of which is attached hereto as **Exhibit 3**.

11. On or about January 1, 1998, Marsch and Lennar San Jose entered into the First Amendment to the Amended and Restated Formation Agreement, a true and correct copy of which is attached hereto as **Exhibit 4**.

12. On or about January 1, 2000, Marsch and the successors in interest to Lennar San Jose, Lennar Land Partners, and LL Partners entered into an Amendment to the Amended and Restated Formation Agreement and Amendment to the Operating Agreement of HCC Investors, L.L.C., a true and correct copy of which is attached hereto as **Exhibit 5**. Exhibits 1, 2, 3, 4 and 5 are hereinafter collectively referred to as the "HCC Operating Agreement."

13. Plaintiff Briarwood is the successor in interest to the ownership interest of Marsch in HCC, is a member of HCC, and is entitled to all payments and property due Marsch pursuant to the HCC Operating Agreement, as amended.

14. The Bridges property was purchased by HCC in February 1998 for $52 million.

15. Since its acquisition, The Bridges property has been developed into an exclusive residential community and private country club which Lennar has described as an "extraordinary community" surrounding "one of America's great private golf clubs." The homes have won major design awards including the Grand Award, Best Single Family Detached Home, and Residential Detached Project of the Year at the 2004 Gold Nugget Awards, as well as the Building Industry Association of San Diego's award for Best Detached Housing Product $1,500,001 and over.

16. The private golf course at The Bridges, designed by the Robert Trent Jones II Group, has been equally successful. In 2003, 2004 and 2005, The Bridges hosted the "Battle at the Bridges," a nationally televised, prestigious best-ball team match featuring players such as Tiger Woods, John Daly, and Phil Mickelson.

17. Plaintiff Briarwood and Marsch have performed all conditions, covenants and promises required of them pursuant to the HCC Operating Agreement.

18. The First Amendment to the Amended and Restated Formation Agreement [Ex. 4] states in paragraph 2 that "commencing on January 1, 1998, the Company [HCC] shall pay to Marsch the compensation described in section 6.05 of the Operating Agreement."

19. The HCC Operating Agreement, including but not limited to Section 6.05, requires delivery by HCC to Briarwood of:

a. A management fee of $250,000.00 per year, plus an overhead fee of $60,000 per year, both subject to a cost of living adjustment each 24 months [Ex. 2, ¶ 6.05(a)];

b. An override fee of 3.5% of gross sales of all products within the project,[1] [Ex. 3, ¶ 4; Ex. 4, ¶ 2]; and

c. 50% of all resale transfer fees received by HCC, as required from all current owners who resell products within the project [Ex. 2, ¶ 6.05(c)].

20. The fees set forth in subparagraphs 19(a)-(c) above are collectively referred to as the "Guaranteed Fees."

21. Prior to June 2008, HCC regularly paid the Guaranteed Fees to Briarwood on a monthly basis. But commencing June 2008, HCC began to wrongfully, and in violation of the HCC Operating Agreement, began to withhold and refuse to transfer the Guaranteed Fees to Briarwood.

22. HCC continues to collect override and resale transfer fees, and together with withheld management and overhead fees, holds such amounts in a reserve account.

23. As of the commencement of Briarwood's chapter 11 case on February 23, 2010, the Guaranteed Fees due Briarwood from HCC have accrued and are owing, with interest, in the amount of at least $2,782,950.00. In violation of the automatic stay, HCC continues to withhold and set aside additional sums each month (the existing amount due Briarwood plus such sums which continue to be withheld are collectively referred to as the "Cash").

24. The HCC Operating Agreement states that the management and overhead fees are "guaranteed payments" due to Briarwood. [Ex. 2, ¶ 6.05(a).]

25. The HCC Operating Agreement further states that the override 3.5% of gross sales fee "shall not be subject to offset, deductions or adjustments of any kind," and that it is not

[1] Distribution, though not accrual, of this override fee was at one point conditioned upon Lennar realizing a 25% internal rate of return upon its capital contribution, but that condition was stricken by amendment in June 2007, and distribution of the fee is now due in full. *See* Ex. 4, ¶ 2.

subject to any Buy-Sell provisions in the HCC Operating Agreement relating to the sale of membership interests. [Ex. 2, ¶ 6.05(b).]

26. Similarly, the HCC Operating Agreement states the 50% resale transfer fee is also not subject to any Buy-Sell provisions relating to the sale of membership interests. [Ex. 2, ¶ 6.05(c).]

**FIRST CLAIM FOR RELIEF**

**(Turnover of Property of the Estate, 11 U.S. C. § 542)**

27. Plaintiff incorporates by reference all paragraphs above as if set forth in full.

28. At the time of the commencement of the bankruptcy case, Briarwood possessed an ownership interest in the Cash, pursuant to the HCC Operating Agreement, making this amount property of the debtor's estate.

29. A right to use the Cash exists pursuant to 11 U.S.C. § 363 to preserve and maximize the total assets of the debtor's estate.

30. Defendant HCC wrongfully holds the Cash without right, title or interest, and has refused and failed to turn over the Cash to Briarwood.

31. The Cash is of consequential monetary value and has a significant use value for the estate of the debtor.

32. As debtor in possession, Briarwood is entitled to possession of the Cash.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

33. Plaintiff incorporates by reference all paragraphs above as if set forth in full.

34. The HCC Operating Agreement is a valid and enforceable agreement.

35. HCC breached the HCC Operating Agreement by improperly and without justification withholding and failing to pay to Briarwood the Cash, pursuant to section 6.05 of the HCC Operating Agreement.

36. HCC's breach is the cause in fact and proximate cause of damages to Briarwood.

37. Briarwood is entitled to attorneys' fees and costs pursuant to section 12.07 of the HCC Operating Agreement.

WHEREFORE, plaintiff requests relief as follows:

As to the First Claim for Relief

1. An order directing defendant HCC to immediately turn over the Cash to Briarwood, as debtor in possession;

2. Attorneys' fees and costs;

3. Interest on the Cash, from the time such Cash was withheld to the time it is paid to Plaintiff; and

4. Such other relief as may be just.

As to the Second Claim for Relief

5. A ruling in favor of Plaintiff and against Defendant;

6. Compensatory damages of at least $2,782,950.00, plus interest;

7. Attorneys' fees and costs per written contract; and

8. Such other relief as may be just.

DATED: April 5, 2010

/s/ Jeffry A. Davis

Jeffry A. Davis
Joseph R. Dunn
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
Proposed Attorneys for Plaintiff
Briarwood Capital, LLC